UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EMILY DIANE LEATHERMAN,

Plaintiff,

v.

STEPHEN WOLFSON,

Defendant.

Case No. 2:26-cv-1589-RFB-EJY

**ORDER**
**and**
**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Complaint and Application to Proceed *in forma pauperis* (IFP). ECF Nos. 1, 1-1. Plaintiff's IFP is complete and is granted. Plaintiff's Complaint is asserted against an immune defendant and so fanciful as to render it frivolous. Thus, the Court recommends Plaintiff's Complaint be dismissed with prejudice.

**I.   Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere

labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    Discussion

Plaintiff alleges she was sexually trafficked from 1999 through 2002. Thereafter, Plaintiff alleges a series of events occurring in Oregon and California against various individuals, some of whom appear to be relatives. Most of these allegations are difficult to decipher and often nonsensical. Plaintiff says that at some point she was brought to Las Vegas. Plaintiff contends that movie stars slept with her and she thought if she wrote some of them, because they knew her, the police would intervene in her situation. Instead, Plaintiff says she was "called" a stalker and she went to jail and prison. Thereafter, Plaintiff says she was in Chicago and Boca Raton, Florida. Plaintiff returns to her contact with movie stars including John Cusack and Keanu Reeves, which somehow led to an arrest in Las Vegas that may have something to do with an allegation that she stole Social Security money. This is where Clark County District Attorney Steve Wolfson enters the picture. Plaintiff's claims against Mr. Wolfson appear to arise from prosecution of Plaintiff for crimes she says she did not commit; although, this portion of the Complaint is so fanciful as to be

delusional.  Plaintiff identifies no cause of action against Mr. Wolfson for which relief could possibly be granted.

Prosecutors performing their official prosecutorial functions are entitled to absolute immunity from suit. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).  "Under the doctrine of common law immunity, it is [also] settled that a district attorney is immune from damages for his actions and conduct arising from the performance of his ... prosecutorial function." *Washoe Cnty. ex rel. Off. of Dist. Atty., Nonsupport Div. v. Second Jud. Dist. Ct. of State of Nev. In & For Washoe Cnty.*, 652 P.2d 1175, 1176 (Nev. 1982) (per curiam)) (citing *Imbler*, 424 U.S. 409).  Further, considering the allegations in Plaintiff's Complaint, the Court finds it is beyond doubt that she can prove no set of facts in support of a claim that would entitle her to relief. *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  The Complaint is frivolous as it is premised on a delusional factual scenario rendering it factually frivolous. *Neitzke*, 490 U.S. at 327-28; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed on the docket.

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED with prejudice and this matter be closed.

Dated this 4th day of June, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to

properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).